## ATTACHMENT FOR SERVICES RENDERED A NON-RESIDENT.

Circuit Court of Cuyahoga County.

THE CITIZENS SAVINGS & TRUST COMPANY v. S. A. GROSSNER.[*]

Decided, May 7, 1910.

*Garnishee Process—Action for Services—Service on Garnishee—Individually or as Receiver—Funds in Garnishees Hands Bound.*

1. Attachment will lie in an action for services rendered a non-resident.
2. Service upon a garnishee requiring it to answer whether it has in its hands, either individually or as receiver money belonging to the debtor, is sufficient to sustain an attachment.
3. In an action against a garnishee it is sufficient to show that at the time service was had upon him he had in his possession property belonging to the debtor.

*M. P. Mooney* and *M. B. & H. H. Johnson,* for plaintiff in error.

*Herman Preusser,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action brought by Grossner against the bank for failure to answer as garnishee in an action against one Eckhoff. It is conceded that the bank has in its hands funds belonging to Eckhoff, sufficient to pay the judgment against him, but certain technical objections are raised as reasons why it should not respond. We shall examine them in their order.

The first point is that the justice's record does not show that the action against Eckhoff was one in which an attachment is authorized by the statutes:

The statute authorizes an attachment against a non-resident of the county, when the claim is for a debt or demand arising upon contract. The record shows that the defendant was a non-resident and that the action was for services rendered.

*Affirmed without opinion, *Citizens Savings & Trust Co.* v. *Grossner*, 83 Ohio State, 443.

We can imagine no action to recover the value of services which does not arise upon a contract, express or implied.

It is said that the bank was never properly served with the order of attachment because it is described in the affidavit therefor as the Citizens Savings & Trust Company, individually, or as receiver, as garnishee. The record shows that the bank was served. The purpose was to require the bank to answer whether it had in its hands, either individually or as a receiver, funds belonging to Eckhoff. There is no alternative naming of a defendant, so that it is doubtful what defendant was required to answer, as in cases cited; the proper defendant was named and served, and was required to answer in both capacities.

It is claimed that the judgment against Eckhoff, a non-resident, was void, because the justice did not first find that there were funds in the hands of the garnishee belonging to him before he continued the case for service by publication. The record does show, however, that the justice after judgment found this fact, and this we think sufficient. Indeed, it is sufficient, in an action against the garnishee, if the fact be that at the time of service upon him he have in his possession property belonging to the defendant. *Root & McBride Bros.* v. *Davis,* 51 O. S., 29.

We find no merit in the claim that the docket of the justice fails to show how much money the bank was ordered to pay and that the order to pay several upon the bank, directed it to pay the money to one named as special constable, whose authority as such was not shown.

The order to pay was, in effect, a letter or notice which came to the bank's hands as a demand that it hold Eckhoff's funds for the payment of Grossner's judgment against him. The bank did not see fit to comply with said order, but now, in this suit, being formally called upon to respond, and it appearing clearly that Grossner has a valid judgment against Eckhoff and that the bank has in its hands sufficient funds to pay it, we see no good reason why it should refuse to do so.

Judgment affirmed.